**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CAPITOL RECORDS, LLC; CAROLINE RECORDS, INC.; VIRGIN RECORDS AMERICA, INC.; COLGEMS-EMI MUSIC INC.; EMI APRIL MUSIC INC.; EMI BLACKWOOD MUSIC; EMI FEIST CATALOG INC.; EMI FULL KEEL MUSIC; EMI GOLDEN TORCH MUSIC CORP.; EMI GOLD HORIZON MUSIC CORP.; EMI GROVE PARK MUSIC, INC.; EMI LONGITUDE MUSIC; EMI MILLER CATALOG INC.; EMI ROBBINS CATALOG INC.; EMI U CATALOG, INC.; EMI VIRGIN MUSIC, INC.; EMI VIRGIN SONGS, INC.; EMI WATERFORD MUSIC, INC.; JOBETE MUSIC CO. INC.; SCREEN-GEMS-EMI MUSIC INC.; STONE DIAMOND MUSIC, | No. 1:09-cv-01584-LTS |
| Plaintiffs, | |
| v. | |
| SEEQPOD, INC., FAVTAPE.COM, KASIAN FRANKS, RAF PODOWSKI, SHEKHAR LODHA, and RYAN SIT, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS FRANKS, PODOWSKI AND LODHA'S MOTION TO DISMISS AND**
**FOR ATTORNEYS' FEES AND COSTS**

DUANE MORRIS LLP
Gregory P. Gulia
John Dellaportas
Suzan Jo
1540 Broadway
New York, New York  10036
Tel.: (212) 692-1000
*Attorneys for Defendants Favtape.com, Kasian*
*Franks, Raf Podowski, Shekhar Lodha and Ryan Sit*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................ ii

PRELIMINARY STATEMENT .................................................................................. 2

STATEMENT OF FACT ........................................................................................... 4

LEGAL ARGUMENT ................................................................................................ 8

I.     EMI Plaintiffs Have Not Pleaded a Prima Facie
       Case that Jurisdiction Exists ........................................................................... 9

II.    This Court Does Not Have Jurisdiction
       Over Individual Defendants .......................................................................... 10

       A.     New York's Long-Arm Statute Does Not
              Confer Personal Jurisdiction Over the
              Individual Defendants ........................................................................ 10

              1. Jurisdiction Does Not Exist Under CPLR 302(a)(1) .............. 10

              2. Jurisdiction Does Not Exist Under CPLR 302(a)(2) .............. 12

              3. Jurisdiction Does Not Exist Under CPLR 302(a)(3) .............. 12

              4.  Jurisdiction Does Not Exist Under An Agency Theory ......... 14

       B.     Exercising Personal Jurisdiction Over
              Individual Defendants Would Offend Due Process ......................15

              1. Minimum Contacts .................................................................. 16

              2. Reasonableness ....................................................................... 16

III.   The Individual Defendants Should Be Awarded Their Fees and Costs .............. 17

## TABLE OF AUTHORITIES

### United States Supreme Court Cases

Chambers v. NASCO, Inc.,
    501 U.S. 32, 43-44, 111 S. Ct. 2123 (1991)  .................................................................... 17

Hanson v. Denckla,
    357 U.S. 235, 253 (1940)  ............................................................................................... 16

Helicopteros Nacionales de Columbia v. Hall,
    466 U.S. 408, 414 (1984)  .............................................................................................. 15

Int'l Shoe Co. v. Washington,
    326 U.S. 310 (1945)  ...................................................................................................... 15

World-Wide Volkswagen Corp. v .Woodson,
    444 U.S. 286, 297 (1980)  ...............................................................................................16

### United States Circuit Court Cases

Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp.,
    98 F.3d 25 (2d Cir. 1996)  ......................................................................... 10, 11

Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,
    171 F.3d 779 (2d Cir. 1999)  ................................................................... 10, 12, 15

Capital Records, Inc., v. MP3Tunes, LLC, No. 07 Civ. 9931 (WHP),
    2008 U.S. Dist. LEXIS 75329 (S.D.N.Y. Sept. 29, 2008)  ...................................... passim

CutCo. Indus., Inc. v. Naughton,
    806 F.2d 361 (2d Cir. 1986)  ........................................................................ 10

Dux S.A. v. Megasol Cosmetic GMBH,
    2006 U.S. Dist. Lexis 395, at *12 (S.D.N.Y. Jan. 9, 2006)  ............................................ 17

Jazini v. Nissan Motor Co., Ltd.,
    148 F.3d 181 (2d Cir. 1998)  ......................................................................... 9, 10

Kernan v. Kurz-Hastings, Inc.,
    175 F.3d 236  (2d Cir. 1999)  ............................................................................. 9,

Metropolitan Life Ins. Co. Robertson-Ceco Corp.,
    84 F.3d 560, 567 (2d Cir. 1996)  ............................................................... 15, 16

Milltex Indus. Corp. v. Jacquard Lace Co.,
    55 F.3d 34 (2d Cir. 1995)  .......................................................................... 17

Oliveri v. Thompson,
        803 F.2d 1265 (2d Cir. 1986) ........................................................ 17

### United States District Court Cases

Aerogroup Intl., Inc. v. Marlboro Footworks, Ltd.,
        956 F. Supp. 427 (S.D.N.Y. 1996) ..............................................................

Baker v. Urban Outfitters, Inc.,
        431 F. Supp. 2d 351 (S.D.N.Y. 2006) .......................................... 17

Beatie and Osborn LLP v. Patriot Scientific Corp.,
        431 F. Supp. 2d 367 (S.D.N.Y. 2006) .......................................... 14

Carlson v. Cuevas,
        932 F. Supp. 76 (S.D.N.Y. 1996) ................................................. 12

Jacobson v. The Scotts Company,
        2008 U.S. Dist. LEXIS 51139 (S.D.N.Y. Jul. 3, 2008) .................. 17

Karabu Corp. v. Gitner,
        16 F. Supp. 2d 319, 324 (S.D.N.Y. 1998) ..................................... 14

Megasol Cosmetic GMBH,
        2006 U.S. Dist. LEXIS 395 (S.D.N.Y. Jan. 9, 2006) ........................

Monsanto Intl. Sales Vo., Inc. v. Hanjin Container Lines, Ltd.,
        770 F. Supp. 832 (S.D.N.Y. 1991) ................................................ 12

PC COM, Inc. v. Proteon, Inc.,
        906 F. Supp. 894 (S.D.N.Y. 1995) ................................................ 12

Pilates, Inc. v. Current Concepts,
        1996 WL 599654 (S.D.N.Y. Oct. 18, 1996) .................................. 14

Sodepac, S.A. v. Choyang Park,
        2002 WL 31296341 (S.D.N.Y. Oct. 10, 2002) .......................... 9, 10

Team Obsolete Ltd. v. A.H.R.M.A. Ltd,
        2002 U.S. Dist. LEXIS 10737 (E.D.N.Y. Mar. 15, 2002) ...............12

Thomas v. Ashcroft,
        470 F3d 491 (2d Cir. 2006) ........................................................... 9

Viacom Intl. Inc. v. Melvin Simon Prods.,
        774 F. Supp. 858, 862 (S.D.N.Y. 1991) ....................................... 10

Whitaker v. American Telecasting, Inc.,
261 F.3d 196, 208 (2d Cir. 2001) ..................................................... 8,

Yurman Designs, Inc. v. A.R. Morris Jewelers, L.L.C.,
41 F. Supp. 2d 453, 459 (S.D.N.Y. 1999) ...................................... 14

### New York Court of Appeals Cases

Longines-Wittnauer Watch Co. v. Barnes & Reinecke, Inc.,
15 N.Y.2d 443, 458-464, 261 N.Y.S.2d 8, 209 N.E.2d 68 (1965) ................................ 12

### Federal Statutes

17 U.S.C. § 512(c)(3)(A) ............................................................................ 4

### State Statutes

CPLR § 302(a)(1) ................................................................... passim

CPLR § 302(a)(2) ................................................................... passim

CPLR § 302(a)(3) ................................................................... passim

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, Defendants Kasian Franks, Chandra Shekhar M. Lodha and Raf Podowski (collectively, the "Individual Defendants") respectfully submit this memorandum of law in support of their motion to dismiss the instant action of plaintiffs Capitol Records, LLC, et al. (collectively "EMI Plaintiffs"), on the ground that the Court lacks personal jurisdiction over the Individual Defendants herein; and for attorneys' fees and costs.

## PRELIMINARY STATEMENT

This motion is brought on behalf of defendants Kasian Franks, Chandra Shekhar M. Lodha and Raf Podowski, three California residents caught in the cross-hairs of the Record Companies increasingly desperate attacks on Internet innovation. All three apparently have been sued by 21 affiliated record companies – the EMI Plaintiffs – for their current or former affiliation with SeeqPod, a small California company that runs an Internet search engine similar to Google, the technology for which is based on a proprietary technology developed at the United States Department of Energy's Lawrence Berkeley National Labs. (Indeed, the Dept. of Energy remains a company shareholder). Because 5% the playable results on www.SeeqPod.com comprises of free music (much of which is put on the Internet by the Record Companies themselves), the EMI Plaintiffs have exploited the civil litigation process to try to drive the company out of business. This strategy has already born fruit, as this week SeeqPod – unable to find financing with the specter of litigation overhanging it – filed for bankruptcy.

To increase the coerciveness and harassment value of their anti-Internet lawsuits, the EMI Plaintiffs have lately taken to using another, more unseemly tact. Namely, they have not been suing the company at issue, but also any individuals associated with that company. The EMI Plaintiffs know that that this tactic is not proper having lost on this issue just months ago in the same Court on essentially identical facts. (See Capital Records, Inc., v. MP3tunes, LLC,

2008 U.S. Dist. Lexis 75329, **12-15 (S.D.N.Y. Sept. 29, 2008))  Rather, here again, the EMI Plaintiffs are suing three California residents, alleging "personal jurisdiction" without any basis.

The New York long-arm jurisdiction statute that governs this dispute, CPLR 302(a), expressly prohibits this result.  It only allows courts sitting in New York to extent jurisdiction over non-New York residents where they have sufficient contacts with the State.  Here, none of the Individual Defendants have <u>any</u> contacts with the State.  Rather, all three live and work in California, and none conduct any business in New York.  Indeed, the only conceivable New York "nexus" is that they are or were affiliated with a company that ran a web site which users can access from anywhere in the entire world, including New York.  If that, by itself, were legally sufficient, then any employee of any company with a website operated anywhere on the plant could be hauled into Court on New York on the barest of charges.  It is not.

But what makes the EMI Plaintiffs' actions so particularly egregious is that <u>they know</u> New York law does not allow them to do what they did.  As noted above, they tried (and failed) to pull the same trick in <u>Capital Records, Inc., v. MP3tunes, LLC</u>, 2008 U.S. Dist. Lexis 75329, **12-15 (S.D.N.Y. Sept. 29, 2008), a case in which the same EMI Plaintiffs sued yet another Internet search engine, MP3tunes, LLC, and its founder and CEO, Michael Robertson (also a California resident).  Judge Pauley of this Court dismissed all of the claims against Robertson, and the same result would be appropriate here.  There is no basis on which the EMI Plaintiffs may properly assert New York personal jurisdiction over Franks, Lodha or Podowski; indeed, the Due Process Clause prohibits it.  This motion should be granted.

In deciding this motion, the Court should also keep in mind the very dubious merits of the underlying lawsuit.  Notably, SeeqPod as an Internet service provider is covered by the Digital Millennium Copyright Act (the "DMCA"), which Congress enacted to protect service

providers from the heavy-handed legal harassment in which EMI has engaged. Further, the DMCA explicitly immunizes a service provider from copyright liability <u>unless it receives proper notice of infringing activity</u>. Specifically, the DMCA requires a complainant to serve a "take-down" notice identifying the allegedly infringing content and declaring, under penalty of perjury, that the signatory is authorized to represent the copyright holder, and that he or she has a good-faith belief that the use is infringing. 17 U.S.C. § 512(c)(3)(A).

Here, no DMCA notice was ever served on SeeqPod. Apparently, the EMI Plaintiffs were either unwilling to swear under oath to something which was palpably untrue or too indifferent to check on the underlying facts. But that did not stop them from dropping their frivolous, harassing, unsworn allegations on this Court's lap. This lawsuit has already put one honest company into bankruptcy. To continue it any further would be both an injustice and misuse of judicial resources. Rather, the Court should grant this motion to dismiss, and award the Individual Defendants attorneys' fees in having to make it.

## STATEMENT OF FACT

This motion is brought on behalf of three California defendants who are or were affiliated with SeeqPod, Inc. (hereinafter "SeeqPod"). Therefore, we begin with a brief description of the company.

### 1.     SeeqPod, Inc.

SeeqPod is a Delaware corporation based in Emeryville, California. Through its website www.Seeqpod.com, Seeqpod provides Internet users with a satisfying way to find, play, and enjoy playable Web content. Only about 5% of the playable results is music. Approximately 95% of SeeqPod's searches are directed to non-music Internet sources, and the site does not allow music downloading of file-sharing of any kind. Rather, SeeqPod is a search engine, like

Google, only with a remarkable proprietary technology that was developed at the United States Department of Energy's Lawrence Berkeley National Labs ("LBNL"). Indeed, the Department of Energy remains a shareholder of SeeqPod. SeeqPod has five pending patents for its inventions, and last year won a prestigious R&D 100 Award for its technology. (Franks Decl. ¶¶ 2-6)[1]

Other than being accessible by New York residents over the Internet, SeeqPod transacts no business in the State of New York. Specifically, SeeqPod has no phone listing in New York, no agents in New York, does not use any individuals or companies in New York to promote its interests, has never solicited business in New York, has no contracts to supply goods or services in New York, and has made no sales in New York. Furthermore, SeeqPod has no property in New York and does not even maintain a bank account in the State. (Franks Decl. ¶ 2)

SeeqPod is governed by a four-member Board of Directors, and operated day-to-day by an experienced management team. The management team consists of Kasian Franks, Chief Executive Officer; Mike Muldoon, Chief Technology Officer and Vice President of Engineering; Jim Leftwich, Chief Experience Officer; Steve Doss, Vice President of Mobile Products; Mario Wilson, Vice President of Business Development; and LauriAnne Lassek, Vice President of Marketing and Community Development. (Franks Decl. ¶ 3 )

SeeqPod has never paid its shareholders any corporate dividends. In fact, since its founding, the Company has generated less than $10,000 in total revenues, and no profits. SeeqPod has recently filed for bankruptcy. (Franks Decl. ¶ 5)

---

[1]     Accompanying this brief are the Declarations of Kasian Franks ("Franks Decl."), Raf Podowski ("Podowski Decl."), and Chandra Shekhar M. Lodha ("Lodha Decl.").

2.    **Kasian Franks**

Kasian Franks, the Chief Executive Officer and a Director of SeeqPod, is a California resident and has never lived in New York.  Mr. Franks does not own any property, does not maintain any bank accounts, and does not have a phone listing in New York.  He does not derive any personal income from any business or source in New York, and has never paid any income or real estate taxes to New York.  Mr. Franks has never stayed in New York for any significant continuous length of time.  (Franks Decl. ¶¶ 1, 2)

Mr. Franks has never transacted business on behalf of SeeqPod in New York, either personally or through any agent.  He has not entered into any contracts on behalf of SeeqPod in New York, nor has he entered into any contracts on behalf of SeeqPod which contain New York choice-of-law clauses.  (Franks Decl. ¶ 1)

As SeeqPod's CEO, Mr. Franks recives a monthly salary, plus medical and dental insurance, and a monthly housing allowance.  He has received no further consideration from SeeqPod.  While Mr. Franks is a Company stockholder, as noted above, that stock has never paid any dividends.  (Franks Decl. ¶ 5)

3.    **Raf Podowski**

Raf Podowski is the former Chief Scientific Officer of SeeqPod.  He is a resident of California and does not live in New York.  He does not own any property or maintain any bank accounts in New York and does not have a phone listing in New York.  He has never transacted business on behalf of SeeqPod in New York either personally or through any agent.  Mr. Podowski has not derived any personal income from any business or source in New York and does not pay any income or real estate taxes to New York.  (Podowski Decl. ¶¶ 1, 2)

Mr. Podowski resigned from his position from SeeqPod to return to work in the life sciences field as of March 27, 2009.  (Podowski Decl. ¶¶ 2, 3)  During his tenure with the

company, Mr. Podowski was not a member of the Board of Directors and had no say in SeeqPod's business strategy or any of its business-related decisions. Significantly, Mr. Podowski was not authorized to conduct any business on behalf of SeeqPod anywhere. As such, he has not entered into any contracts on behalf of SeeqPod in New York, nor entered into any contracts on behalf of SeeqPod which contain New York choice of law clauses. Rather, because his training was in biology and data mining, his role with the Company was limited to research relating to technologies different from the ones at issue in this case. Specifically, he worked to develop the data mining and recommendation algorithm based on the technology that he co-invented while at Lawrence Berkeley National Labs. (See PCT/US2006/021662, entitled "Relationship Networks," dated June 6, 2005). The technology has applications in fields such as human genetics, Internet merchandise, and social networking, and is not specifically directed to Internet search engines. (Podowski Decl. ¶¶ 1, 3)

During his employment with SeeqPod, Mr. Podowski was paid a monthly salary, plus medical and dental insurance. He did not receive any further consideration. Mr. Podowski had no investment in SeeqPod beyond his founder's stock allocation based on the contribution in the LBNL-owned technology and patent application. The founder stock allocation was conditioned on Mr. Podowski joining SeeqPod as a full-time employee and included a vesting schedule through July 2009. The stock has never paid any dividends, and based on the company's recent bankruptcy filing, probably has no significant value. (Podowski Decl. ¶ 4)

### 4.    **Chandra Shekhar M. Lodha**

Chandra Shekhar M. Lodha, is a resident of the State of California and has never lived in New York. He owns no property, has no phone listing, and does not maintain any bank accounts in New York. He derives no personal income from any business or source in New York, and has

not paid any income or real estate taxes to New York.  In fact, Mr. Lodha has never stayed in New York for any significant length of time.  (Lodha Decl. ¶ 1)

Moreover, Mr. Lodha does not transact and has not transacted business on behalf of SeeqPod in New York, either personally or through any agent.  He has not entered into any contracts in New York, nor has he entered into any contracts which contain New York choice of law clauses.  (Lodha Decl. ¶ 1)

Mr. Lodha is the non-executive Chairman of the Board of SeeqPod, meaning that he holds no officer position.  He is not an employee of SeeqPod and, therefore, he has no day-to-day management functions at SeeqPod and makes no day-to-day decisions.  Accordingly, Mr. Lodha has never even maintained an office at SeeqPod.  As Chairman, his principal role is to chair meetings of SeeqPod's four-member Board of Directors, usually by telephone, pursuant to the company's Charter and Bylaws.  He also assists in the Company's fundraising efforts.  (Lodha Decl. ¶¶ 2, 3)

Mr. Lodha has contributed a significant monetary investment in SeeqPod.  However, he has never been paid a salary and has received no dividends or any other return on his investment. (Lodha Decl. ¶¶ 3, 4)

## **LEGAL ARGUMENT**

A federal court examining a motion to dismiss for lack of personal jurisdiction conducts a two-part inquiry.  First the court considers whether jurisdiction exists under the long-arm statute of the forum state, in this case New York.  See Whitaker v. American Telecasting, Inc., 261 F.3d 196, 208 (2d Cir. 2001).  Second, the Court determines whether the exercise of jurisdiction would be permissible under the Due Process Clause of the Fourteenth Amendment.  Id.

New York's long-arm statute is codified in CPLR 302(a). This statute permits the assertion of personal jurisdiction over an out-of-state defendant only if the plaintiff's claim "arises from" certain acts committed by the defendant: "transact[ing] any business within the state," "commit[ing] a tortious act within the state," or "commit[ing] a tortious act without the state causing injury to person or property within the state . . . if [the defendant] (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state." Thomas v. Ashcroft, 470 F3d 491, 495-96 (2d Cir. 2006), citing CPLR 302(a). The Individual Defendants have done none of that here.

## I.      EMI Plaintiffs Have Not Pleaded a Prima Facie Case that Jurisdiction Exists

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(2), the plaintiff bears the burden of establishing a prima facie case that jurisdiction exists. See Kernan v. Kurz-Hastings, Inc., 175 F.3d 236, 240 (2d Cir. 1999). This burden cannot be met by mere conclusory or vague generalizations or by the mere recitation of the legal elements for jurisdiction. See Jazini v. Nissan Motor Co., Ltd., 148 F.3d 181, 184-86 (2d Cir. 1998) (rejecting conclusory statements and restatements of legal standards as basis for prima facie showing of jurisdiction, even prior to discovery); Sodepac, S.A. v. Choyang Park, 2002 WL 31296341, at *3 (S.D.N.Y. Oct. 10, 2002) (finding legal conclusions couched as factual allegations are not factual allegations and cannot substitute for them).

In their attempt to establish jurisdiction, the EMI Plaintiffs rely solely on their vague and conclusory allegations that Defendants allegedly, collectively, "transact business within New York State . . . and supply goods and services in New York State"; "commit tortious acts of copyright infringement within New York"; and commit "tortious acts without the state causing

injury to EMI and its properties within New York State . . . ."  EMI Plaintiffs' conclusory and vague generalizations, a mere recitation of the legal standard, have been rejected as insufficient by the Second Circuit and this Court.  See, e.g., Jazini, 148 F.3d at 184-86; Sodepac, 2002 WL 31296341, at *3.  Indeed, the EMI Plaintiffs make no allegations of fact to establish that each of the Individual Defendants have sufficient contacts with the State of New York to subject them to personal jurisdiction here.  Accordingly, the Complaint, as it relates to the Individual Defendants Franks, Lodha, and Podowski, should be dismissed because the Complaint does not set forth a prima facie case that personal jurisdiction exists.

## II.    This Court Does Not Have Jurisdiction Over Individual Defendants

### A.    New York's Long-Arm Statute Does Not Confer Personal Jurisdiction Over the Individual Defendants

The first step in determining whether this Court has personal jurisdiction over out-of-state defendants is to determine whether jurisdiction exists under New York's long-arm statute. Whitaker, 261 F.3d at 208.  As shown herein, personal jurisdiction over Individual Defendants does not exist under any of the three prongs of New York's long-arm statute.

### 1.    Jurisdiction does not exist under CPLR 302(a)(1)

Personal jurisdiction under CPLR 302(a)(1) exists only where the cause of action at issue arises as a result of the defendants' transacting business within New York or contracting anywhere to supply goods or services in New York.  See Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 784 (2d Cir. 1999).  In order for this standard to be met, the cause of action must "arise 'out of the subject matter of the transaction.'"  Capitol Records, Inc. v. MP3tunes, LLC, 2008 U.S. Dist. Lexis 75329, at *9 (S.D.N.Y. Sept. 29, 2008), quoting Viacom Intl. Inc. v. Melvin Simon Prods., 774 F. Supp. 858, 862 (S.D.N.Y. 1991); see also Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp., 98 F.3d 25, 31 (2d Cir. 1996) (for

personal jurisdiction to exist under CPLR 302(a)(1), a substantial nexus between the business

transacted and the cause of action must exist).

A non-domiciliary defendant is considered to transact business in New York, only if "he

purposefully avails himself of the privilege of conducting activities within New York, thus

invoking the benefits and protection of the laws." MP3tunes, 2008 U.S. Dist. Lexis 75329, at *9,

citing CutCo. Indus., Inc. v. Naughton, 806 F.2d 361, 365 (2d Cir. 1986).  In determining

whether an out-of-state defendant transacts business in New York, the court considers various

factors, including:

> (i) whether the defendant has an on-going contractual relationship
> with a New York corporation; (ii) whether the contract was
> negotiated or executed in New York and whether, after executing a
> contract with a New York business, the defendant has visited New
> York for the purpose of meeting with parties to the contract
> regarding the relationship; (iii) what the choice-of-law clause is in
> any such contract; and (iv) whether the contract requires [the
> defendant] to send notices and payments into the forum state or
> subjects them to supervision by the corporation in the forum state."

Agency Rent A Car, 98 F.3d at 29.

In this case, the EMI Plaintiffs have not pleaded any facts in the Complaint to establish

that the Individual Defendants conducted any business in New York.  Indeed, as the facts cited

herein show, none off the Individual Defendants ever engaged in any activity in New York

related to any of EMI Plaintiffs' claims in this action.  Neither did any of the Individual

Defendants have any ongoing contractual relationship with any New York company or negotiate

any contracts in New York.  No SeeqPod contract exists that contains a New York choice-of-law

provision or that  requires notices or payments to be sent to New York.  None of the Individual

Defendants even maintains a bank account in New York.  Accordingly, personal jurisdiction

does not exist under CPLR 302(a)(1).

## 2.    Jurisdiction Does Not Exist Under CPLR § 302(a)(2)

New York courts and the Second Circuit have "consistently interpreted § 302(a)(2) jurisdiction narrowly," Carlson v. Cuevas, 932 F. Supp. 76, 79 (S.D.N.Y. 1996), and have held that "to qualify for jurisdiction under this subsection, a defendant's act or omission must have occurred within the state. Bank Brussels Lambert, 171 F.3d at 789-90 (internal quotes omitted). Thus, physical presence in New York is required to satisfy CPLR 302(a)(2). See, e.g., Longines-Wittnauer Watch Co. v. Barnes & Reinecke, Inc., 15 N.Y.2d 443, 458-464, 261 N.Y.S.2d 8, 209 N.E.2d 68 (1965); see also Team Obsolete Ltd. v. A.H.R.M.A. Ltd, No. 01-CV-1574 (ILG), 2002 U.S. Dist. Lexis 10737, at *3 (E.D.N.Y. Mar. 15, 2002) ("to establish jurisdiction under [CPLR 302(a)(2)], a person must be physically present within the state when the tortious act is committed").

In order for CLPR § 302(a)(2) to confer personal jurisdiction, the Individual Defendants must have been physically present in New York at the time that the alleged tort was committed. As shown herein, none of the Individual Defendants spent any significant time in New York, nor transacted any business on SeeqPod's behalf in New York. Thus, this Court does not have personal jurisdiction over the Individual Defendants under CPLR 302(a)(2).

## 3.    Jurisdiction Does Not Exist Under CPLR 302(a)(3)

In order to prove that personal jurisdiction exists under CPLR 302(a)(3), Plaitiffs must show that (1) the defendant committed a tort outside of New York, (2) the tort caused injury to the plaintiff within New York, (3) the defendant expected its acts to have consequences in New York, and (4) the defendant derived substantial resources from interstate or international commerce. See Monsanto Intl. Sales Vo., Inc. v. Hanjin Container Lines, Ltd., 770 F. Supp. 832, 840 (S.D.N.Y. 1991), modified on reargument 1991 WL 210951, aff'd Monsanto Intl. Sales v. Hanjin Container, 962 F.2d 4 (2d Cir. 1991); see also PC COM, Inc. v. Proteon, Inc., 906 F.

Supp. 894 (S.D.N.Y. 1995) (setting forth elements required to establish jurisdiction pursuant to CPLR 302(a)(3)). Each of the four elements is essential and no personal jurisdiction exists unless plaintiff establishes all of the elements. See id.

In MP3tunes, this Court found that CPLR 302(a)(3) did not confer personal jurisdiction over Michael Robertson, the company's founder, CEO, shareholder and sole director, because, inter alia, "two visits to New York are insufficient to show regular solicitation of business, and there are no allegations or evidence that Robertson derives substantial revenue in the state." MP3tunes, 2008 U.S. Dist. Lexis 75329 at * 12-13. Furthermore, the Court noted that it did not have jurisdiction over Robertson because, while MP3tunes derived substantial revenue from interstate commerce, Robertson himself did not receive such revenue.

Significantly, the EMI Plaintiffs in this case were also the plaintiffs in MP3tunes. As such, the EMI Plaintiffs are fully aware of how the New York law is construed in this District. Notwithstanding, EMI Plaintiffs are now trying to drag the Individual Defendants into this Court under the same theory of personal jurisdiction that was rejected by this Court in MP3tunes just a few months ago. Like Robertson, none of the Individual Defendants have any significant contacts with New York to show regular solicitation of business. Like Robertson, the Individual Defendants received no revenues from interstate commerce. One significant difference here is that while MP3tunes had "substantial revenue," SeeqPod has generated revenues of under $10,000 from the time of its inception and has never generated any profits. In fact, SeeqPod has filed for bankruptcy.

Based on the law and the facts cited herein, CPLR 302(a)(3) does not confer jurisdiction upon the Individual Defendants.

4.    <u>**Jurisdiction Does Not Exist Under An Agency Theory**</u>

Under New York law, an individual can, as a corporate officer, fall within the reach of New York's long-arm statue as a result of the actions of his or her corporation, but only when the corporation is acting as an agent of the corporate officer.  <u>Beatie and Osborn LLP v. Patriot Scientific Corp.</u>, 431 F. Supp. 2d 367, 389 (S.D.N.Y. 2006).  In order for personal jurisdiction to attach upon an individual as a result of actions by an agent, the Court must "determine whether the agent acted in New York <u>for the benefit of</u>, and with the knowledge and consent of the non-resident principal."  <u>Yurman Designs, Inc. v. A.R. Morris Jewelers, L.L.C.</u>, 41 F. Supp. 2d 453, 459 (S.D.N.Y. 1999) (emphasis added).

In this regard, a plaintiff must show that: (1) that the corporation is engaged in purposeful activities in New York in relation to the transaction; (2) that the corporation's allegedly infringing activities were performed for the benefit of the individual defendant; (3) that the corporation's allegedly infringing activities were performed with the knowledge and consent of the individual defendant; and (4) that the individual defendant exercised control over the corporation.  <u>See</u> <u>Beatie</u>, 431 F. Supp. 2d at 389.  In other words, the EMI Plaintiffs must show that the Individual Defendants rather than the company were the "primary actors."  <u>See</u> <u>Karabu Corp. v. Gitner</u>, 16 F. Supp. 2d 319, 324 (S.D.N.Y. 1998) (finding that plaintiffs failed to establish personal jurisdiction where it did not persuade the court that defendant was a primary actor); <u>see also</u> <u>Pilates, Inc. v. Current Concepts</u>, 1996 WL 599654, at *3 (S.D.N.Y. Oct. 18, 1996) (allegation that defendant controlled the corporation, without detailed description of defendant's role in tortious conduct, was insufficient to make prima facie showing of personal jurisdiction).

Here, the EMI Plaintiffs have alleged no set of facts sufficient to show that Individual Defendants rather than SeeqPod were the "primary actors" or that the alleged infringing

13

activities of SeepPod were performed "for the benefit of" the Individual Defendants. See Karabu Corp., 16 F. Supp. 2d at 324; Beatie, 431 F. Supp. 2d at 389.  In fact, Mr. Lodha is not an employee of SeeqPod and has no day-to-day supervisory functions over SeeqPod; and Mr. Podowski does not even have any decision-making authority in his former function as Chief Scientific Officer.  Indeed, Mr. Podowski did not even work on the Internet search engine, which EMI Plaintiffs allege infringes upon their intellectual property.  Aside from customary salaries and benefits that Messrs. Franks and Podowski received as employees of SeeqPod, none of the Independent Defendants received any monetary benefit whatsoever.  Specifically, they did not receive any bonuses, dividends or increase in the value of their equity through the allegedly infringing activity.

### B.  Exercising Personal Jurisdiction Over Individual Defendants Would Offend Due Process

Assuming, arguendo, that personal jurisdiction exists over the Individual Defendants pursuant to New York's long-arm statute, the Court must then determine whether the exercise of such jurisdiction would be permissible under the Fourteenth Amendment.  See Bank Brussels Lambert, 305 F.3d 120, 124 (2d Cir. 2002).  The Due Process clause "operates to limit the power of a State to assert in personam jurisdiction over a nonresident defendant."  Helicopteros Nacionales de Columbia v. Hall, 466 U.S. 408, 414 (1984).  In order to satisfy due process requirements, a defendant  must have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  Int'l Shoe Co. v. Washington, 326 U.S. 310 (1945).  The Due Process analysis has two components:  "the mimimum contacts inquiry and reasonableness inquiry."  Metropolitan Life Ins. Co. Robertson-Ceco Corp., 84 F.3d 560, 567 (2d Cir. 1996).  The EMI Plaintiffs' jurisdiction exercise satisfies neither components here.

1.    **Minimum Contacts**

The minimum contacts test rests on whether a defendant's "conduct and connection with the forum state" are such that "it should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v .Woodson, 444 U.S. 286, 297 (1980).  A non-resident defendant has minimum contacts with the forum state if it commits "some act by which it purposely avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws."  Hanson v. Denckla, 357 U.S. 235, 253 (1940).

As discussed above, the Individual Defendants have no connection with New York. They are all residents of the State of California and have no property or bank accounts in New York.  None of them derive any personal income from any business or any other source in New York.  Thus, none of them have engaged in any activity in New York which would invoke the "benefits and protection" of New York law.  See Hanson, 357 U.S. at 253.  Accordingly, the Individual Defendants do not have the necessary minimum contacts with New York for this Court to exercise jurisdiction over them.

2.    **Reasonableness**

The reasonableness of personal jurisdiction rests on five factors: (1) the burden on the defendant; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering substantive social policies.  Metropolitan Life, 85 F.3d at 568.

A cursory look at the reasonableness inquiry reveals that none of the factors outlined in Metropolitan Life are present here.  The EMI Plaintiffs are large corporations with significant presences in various states, including the State of California.  The burden on the Individual Defendants to have to defend a lawsuit in a foreign state is far greater than any interest the EMI

15

Plaintiffs may have in having the instant lawsuit adjudicated in this Court.  Accordingly, the

reasonableness inquiry must fail, and exercising jurisdiction over the Individual Defendants in

this case would run afoul of the Due Process guarantee of the Fourteenth Amendment.

### III.     The Individual Defendants Should Be Awarded Their Fees and Costs.

Courts have the inherent power to "supervise and control its own proceedings."

Chambers v. NASCO, Inc., 501 U.S. 32, 43-44 (1991) (finding a district court is empowered "to

fashion an appropriate sanction for conduct which abuses the judicial process.").  This inherent

power gives the Court the power to award attorneys' fees and costs.  See Oliveri v. Thompson,

803 F.2d 1265, 1272 (2d Cir. 1986) (awarding attorneys' fees and cost where plaintiff litigated

frivolous claim); Dux S.A. v. Megasol Cosmetic GMBH, No. 03-CV-8820, 2006 U.S. Dist.

Lexis 395, at *12 (S.D.N.Y. Jan. 9, 2006) (awarding sanctions where claim was legally and

factually meritless).  Attorneys' fees are appropriate where the action is brought "(1) entirely

without color and (2) motivated by improper purposes, such as harassment or delay."  Milltex

Indus. Corp. v. Jacquard Lace Co., 55 F.3d 34, 38 (2d Cir. 1995) accord Oliveri, 803 F.2d at

1272.  Courts have awarded attorneys' fees where plaintiffs have included claims in the

complaint that they knew were not supported by the law in the area.  See Baker v. Urban

Outfitters, Inc., 431 F. Supp. 2d 351, 364-367 (S.D.N.Y. 2006).  Indeed, this Court is intolerant

of parties filing actions or motions "without regard to case law or prior rulings of this Court,"

and have awarded attorneys' fees in such situations.  See Jacobson v. The Scotts Company, 2008

U.S. Dist. Lexis 51139 (S.D.N.Y. Jul. 3, 2008) (imposing sanctions under 28 U.S.C. § 1927

against attorney for repeatedly making legal arguments that the court had previously held to be

untenable).  In Baker, this Court found that where the plaintiff's counsel knew his claims were

not meritorious because he  "was well aware of the law on this point, as he litigated the issue

16

(and lost)" in another action, his actions were "unreasonable and vexatious". <u>Baker</u>, 431 F. Supp. 2d at 364 (emphasis supplied).

The situation here is akin to those in which this Court has awarded attorneys' fees and costs. The EMI Plaintiffs, knowing that this Court has no jurisdiction over the Individual Defendants, have nevertheless named them as defendants in this lawsuit. They have knowledge of this Court's lack of jurisdiction because, just a few months ago, they litigated – <u>and lost</u> – this exact issue of personal jurisdiction. <u>See</u> <u>MP3tunes</u>, 2008 U.S. Dist. Lexis 75329, at * 12-15. In <u>MP3tunes</u>, Judge Pauley of this Court, held that there is no personal jurisdiction over a company's founder, CEO, shareholder and sole director, solely based upon his corporate position, when this Court did not have another basis for exercising personal jurisdiction. <u>See</u> <u>MP3tunes</u>, 2008 U.S. Dist. Lexis 75329, at *12-15.

Despite this Court's unequivocal holding in <u>MP3tunes</u>, the EMI Plaintiffs, have again named the officers and directors of a corporation, in their individual capacities as defendants in a lawsuit knowing full-well that this Court does not have jurisdiction over these individuals. Having just litigated this issue, the EMI Plaintiffs have named Messrs. Lodha, Franks and Podowski in this lawsuit, perhaps in the hopes that they will get a different result in front of a different judge.

In ignoring the case law and prior rulings of this court, the EMI Plaintiffs have wasted the judicial resources, and this Court should remedy the situation by ordering them to pay the Individual Defendants' fees and costs incurred in connection with the making of this motion to dismiss.

## CONCLUSION

Based on the foregoing reasons, the Individual Defendants respectfully move this Court for a dismissal of the Complaint against each Individual Defendant and for an award of their attorneys' fees and costs incurred in connection with the making of this Motion.


Dated:  New York, New York
         April 3, 2009

                                    Respectfully submitted,


                                    _____/s/_____
                                    DUANE MORRIS LLP
                                    Gregory P. Gulia
                                    GPgulia@duanemorris.com
                                    John Dellaportas
                                    Dellajo@duanemorris.com
                                    Suzan Jo
                                    sjo@duanemorris.com
                                    1540 Broadway
                                    New York, New York  10036
                                    Tel.: (212) 692-1000
                                    *Attorneys for Defendants*
                                    *Favtape.com, Kasian Franks,*
                                    *Raf Podowski, Shekhar Lodha and Ryan Sit*

DM1\1594155.1

18