UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAPITOL RECORDS, LLC; CAROLINE RECORDS, INC.; VIRGIN RECORDS AMERICA, INC.; COLGEMS-EMI MUSIC INC.; EMI APRIL MUSIC INC.; EMI BLACKWOOD MUSIC; EMI FEIST CATALOG INC.; EMI FULL KEEL MUSIC; EMI GOLDEN TORCH MUSIC CORP.; EMI GOLD HORIZON MUSIC CORP.; EMI GROVE PARK MUSIC, INC.; EMI LONGITUDE MUSIC; EMI MILLER CATALOG INC.; EMI ROBBINS CATALOG INC.; EMI U CATALOG, INC.; EMI VIRGIN MUSIC, INC.; EMI VIRGIN SONGS, INC.; EMI WATERFORD MUSIC, INC.; JOBETE MUSIC CO. INC.; SCREEN-GEMS-EMI MUSIC INC.; STONE DIAMOND MUSIC, <br><br>    Plaintiffs, <br><br> v. <br><br> SEEQPOD, INC., FAVTAPE.COM, KASIAN FRANKS, RAF PODOWSKI, SHEKHAR LODHA, and RYAN SIT, <br><br>    Defendants. | No. 1:09-cv-01584-LTS |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANTS FRANKS, PODOWSKI AND LODHA'S MOTION TO DISMISS AND
FOR ATTORNEYS' FEES AND COSTS**

DUANE MORRIS LLP
Gregory P. Gulia
John Dellaportas
Suzan Jo
1540 Broadway
New York, New York  10036
Tel.: (212) 692-1000
Attorneys for Defendants Favtape.com, Kasian
Franks, Raf Podowski, Shekhar Lodha and Ryan Sit

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................1

ARGUMENT ...........................................................................................................................2

    I.    **The Supreme Court's Decision In <u>Bell Atlantic v. Twombley</u> Compels Dismissal of The Complaint** ...............................................................2

        A.    EMI Plaintiffs Have Not Properly Pled a Prima Facie Case Of Personal Jurisdiction Under CPLR 302(a)(1) ...............................3

        B.    No Tort Was Committed In New York .......................................................5

        C.    The EMI Plaintiffs Have Not Pleaded Sufficient Facts To Show That Individual Defendants Were the "Primary Actors" .............................7

    II.    **The EMI Plaintiffs Are Not Entitled to Any Discovery** .......................................9

CONCLUSION ......................................................................................................................10

## TABLE OF AUTHORITIES

### CASES

Ashcroft v. Iqbal,
    2009 U.S. Lexis 3472 (U.S. May 18, 2009) ...................................................................2,4

Bell Atlantic Corp. v. Twombly,
    550 U.S. 544 (2007) ........................................................................................................2,4,10

Bensusan Restaurant Corp. v. King,
    126 F.3d 25, 28 (2d Cir. 1997) ...............................................................................................5

Burger King Corp. v. Rudzewicz,
    471 U.S. 462, 476 (1985) .......................................................................................................4

Citigroup v. City Holding Co.,
    97 F. Supp. 2d 549, 567 (S.D.N.Y. 2000) ..............................................................................6

Feathers v. McLucas,
    15 N.Y.2d 443, 464 (N.Y. 1965) ............................................................................................

Freeplay Music, Inc. v. Cox Radio, Inc.,
    2005 WL 1500896 (S.D.N.Y. Jun. 23, 2005) ........................................................................6

Jazini v. Nissan Motor Co. Ltd.,
    148 F.3d 181, 184 (2d Cir. 1998) ........................................................................................2,9

Karabu Corp. v. Gitner,
    16 F. Supp. 2d 319, 324 (S.D.N.Y. 1998) ...........................................................................7,9

Kinetic Instruments v. Lares,
    802 F. Supp. 976, 984-85 (S.DN.Y. 1992) ............................................................................7

Lehigh Valley Indus. v. Birenbaum,
    527 F.2d 87, 93-94 (2d Cir. 1975) .........................................................................................9

Penguin Group (USA) Inc. v. American Buddha,
    2009 U.S. Dist. Lexis 34032 (S.D.N.Y. Apr. 21, 2009) .........................................................6

Pilates, Inc. v. Current Concepts,
    1996 WL 599654 (S.D.N.Y. Oct. 18, 1996) ..........................................................................7

Pilates, Inc. v. Pilates Institute,
    891 F. Supp. 175 (S.D.N.Y. 1995) ..................................................................................5,6,7

Platt Corp. v. Platt,
    17 N.Y.2d 234 (N.Y. 1966) ....................................................................................................5

Rosenberg v. PK Graphics,
 2004 WL 1057621 (S.D.N.Y. May 10, 2004) ...................................................................4

Vega v. Walsh,
 258 Fed. Appx. 356 (2d Cir. 2007) ...................................................................................5

Warner Bros. Entertainment, Inc. v. Ideal World Direct,
 516 F. Supp. 2d 261 (S.D.N.Y. 2007) ..........................................................................3,4

Yoon v. Fordham Univ. Faculty & Admin. Ret. Plan,
 263 F.3d 196 (2d Cir. 2001) .............................................................................................5

## STATUTES

CPLR 302(a)(1) .................................................................................................................3, 4, 5

CPLR 302(a)(2) .......................................................................................................................5,6

## RULES OF PROFESSIONAL RESPONSIBILITY

New York Rules of Professional Responsibility Rule 3.4 ................................................................9

PRELIMINARY STATEMENT[1]

The EMI Plaintiffs' opposition is premised on the flawed notion that every employee of every company that puts out a web site reachable by computer users in the State of New York may be haled into court in New York. According to EMI, the fact that the Individual Defendants have had no contact whatsoever with the New York forum is "irrelevant," because – by virtue of their salaries – they have "secured the benefits" of the complained-of corporate acts. (See EMI Br. at 4.) This is most certainly not the law, and EMI knows it is not, as it recently litigated and lost the very same issue in the MP3tunes case before Judge Pauley.

Rather than forthrightly admit that they would like to relitigate the issue before a new judge, the EMI Plaintiffs instead choose to disparage Judge Pauley's decision as "an unpublished decision, from another jurisdiction". (See EMI Br. at 5.) The recently-issued MP3tunes decision may or may not ultimately be published, but it remains a correct recitation of the governing law on New York long-arm jurisdiction, and Judge Pauley remains a jurist in this jurisdiction, the Southern District of New York. Such law sets strict limits on EMI's efforts to police the World Wide Web from its favored perch in the New York courts.

At most, the EMI Plaintiffs only have a claim against SeeqPod, and not against any of its employees, officers or directors. In reality, EMI does not even have that much. As discussed in the opening brief, the Digital Millennium Copyright Act, 17 U.S.C. § 512(c)(3)(A), sets forth certain statutory prerequisites a litigant must follow before it can sue an Internet Service Provider such as SeeqPod for copyright infringement. EMI completely disregarded those rules. Tellingly, EMI does not trouble itself to explain why it did not follow the law.

Whatever its excuse might have been, the fact remains that personal jurisdiction over the Individual Defendants is lacking. The claims against them should be dismissed.

---

[1]     Capitalized terms retain the definitions set forth in the opening brief.

1

ARGUMENT

I.   **The Supreme Court's Decision In <u>Bell Atlantic v. Twombley</u> Compels Dismissal of The Complaint**

As set forth in defendants' opening brief, EMI's jurisdictional allegations are wholly conclusory and devoid of any facts whatsoever. While this has never been sufficient to satisfy the Rule 8(a), the heightened pleading requirements issued by the Supreme Court in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) positively compels dismissal of this case. While there was initially some uncertainty over whether the decision applied across-the-board, just nine days ago the Supreme Court held that the heightened pleading standard applied in all "all civil cases." <u>Ashcroft v. Iqbal</u>, 2009 U.S. Lexis 3472, at *39 (U.S. May 18, 2009).

<u>It has long been the case that</u>, to survive a motion to dismiss for lack of jurisdiction, the plaintiffs must plead a "legally sufficient allegation of jurisdiction, <u>i.e.</u>, by making a <u>prima facie</u> showing of jurisdiction." <u>Jazini v. Nissan Motor Co. Ltd.</u>, 148 F.3d 181, 184 (2d Cir. 1998). But <u>Twombley</u> now sets the pleading standard for that <u>prima facie</u> showing. Specifically, a complaint must contain sufficient facts "to state a claim to relief that is plausible on its fact." 550 U.S. at 570. Where a complaint contains facts that are merely consistent with a defendant's liability, "without some further factual enhancement it stops short of the line between possibility and plausibility of entitlement to relief." <u>Id</u>. at 557 (internal quotes omitted). The Court instructed in <u>Iqbal</u>, "[t]readbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Iqbal</u>, 2009 U.S. Lexis 3472, at *29, citing <u>Twombly</u>, 550 U.S. at 555. Moreover, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." <u>Twombly</u>, 550 U.S. at 556 (internal quotes omitted).

Here, the EMI Plaintiffs do not dispute that they have a burden of pleading a <u>prima facie</u> case that jurisdiction exists. (<u>See</u> EMI Br. at 8-9.) However, they argue that that their complaint

2

contains sufficient factual allegations to make a prima facie showing of personal jurisdiction. To illustrate, EMI Plaintiffs points the Court to their allegations that Individual Defendants, inter alia, "... transact business within New York State and in this District and supply goods and services in New York State ... "; "commit tortious acts ... within New York State"; and "[commit] tortious acts ... without the state causing injury to EMI and its properties within New York State." (Id. at 10; Compl. ¶¶ 37, 38, 39.)

None of the allegations cited by EMI in brief or in their Complaint, whether taken alone or together, establish a prima facie case of jurisdiction. Rather, they are exactly the "[t]hreadbare recitals" that the Supreme Court has now rejected as insufficient. Accordingly, as more fully set forth below, the Complaint should be dismissed for lack of jurisdiction.

### A.  EMI Plaintiffs Have Not Properly Pled a Prima Facie Case Of Personal Jurisdiction Under CPLR 302(a)(1)

CPLR 302(a)(1) provides that New York courts have jurisdiction over an entity that "transacts any business within the state or contracts anywhere to supply goods or services in the state." The totality of EMI's factual allegations in support of the position that the Individual Defendants conducted business in New York, thereby subjecting the Individual Defendants to personal jurisdiction in New York, is that Individual Defendants:

> ... distribut[ed] copyrighted sounds recordings and musical compositions to customers in New York State, and ... encourag[ed], induc[ed] and contribut[ed] to the reproduction, distribution and/or performance of copyrighted sound recordings and musical compositions by customers in New York State.

(See EMI Br. at 10; Compl. ¶ 38.) The EMI Plaintiffs argue that, under Warner Bros. Entertainment, Inc. v. Ideal World Direct, 516 F. Supp. 2d 261 (S.D.N.Y. 2007), this allegation is sufficient to show a prima facie case that jurisdiction exists.

The EMI Plaintiffs' reading of Ideal World is woefully deficient and self-serving. In Ideal World, this Court exercised jurisdiction over defendant Ideal World based upon allegations

3

that the Ideal World websites, inter alia, "transmit files to customers in exchange for membership fees"; and the websites "engaged in at least 379 such transactions with residents of New York." Ideal World, 516 F Supp. 2d at 266-267 (emphasis added).

The EMI Plaintiffs have made no such factual allegations. Rather, they only allege that: "Defendants have encouraged, induced, facilitated, and contributed to the infringement of EMI's copyrights by others ...[,]" some of whom may reside in New York. (See EMI Br. at 13, citing Compl. ¶¶ 38, 51, 106.) This does not even remotely satisfy the requirement that the defendant must have "'deliberately' ... engaged in significant activities within a State, ... or has created 'continuing obligations' between himself and residents of the forum." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985) (emphasis added). Nor does it at all satisfy the pleading requirement that, to survive a motion to dismiss, a complaint must contain more than "naked assertions devoid of further factual enhancements." Iqbal, 2009 U.S. 3472, at *29 (internal quotes omitted), quoting Twombly, 550 U.S. at 557.

Indeed, in Ideal World, this Court declined to exercise jurisdiction over another website operator who collected membership fees from its users, but against whom the plaintiff did not "aver[] any specific connections to customers in New York." Ideal World, 516 F. Supp. 2d at 267. This Court further held that "generalized allegations that Defendants has continuing and ongoing business contacts with residents of the state of New York is insufficient to establish jurisdiction." Id. (quotes omitted); accord Rosenberg v. PK Graphics, 2004 WL 1057621, at *2 (S.D.N.Y. May 10, 2004) (declining to exercise jurisdiction where plaintiff failed to allege specific transaction between interactive website and New York resident). In sum, the EMI Plaintiffs' generalized assertion that Individual Defendants transacted business in the State is insufficient to make out a prima facie case of jurisdiction under CPLR 302(a)(1).

4

### B.    No Tort Was Committed In New York

CPLR 302(a)(2) allows a New York court to exercise jurisdiction over an out-of-state resident who commits a tortious act within the state.  The EMI Plaintiffs urge this court to find that physical presence is not required, relying upon Pilates, Inc. v. Pilates Institute, 891 F. Supp. 175, 180 (S.D.N.Y. 1995) to support their contention.  New York's Court of Appeals, however, has held that "paragraph 2 of subdivision (a) of section 302 covers only a tortious act committed (by a nondomiciliary) in this state." and that "the language of CPLR 302(a)(2) "is too plain and precise to permit it to be read ... as if it were synonymous with 'commit a tortious act without the state which causes injury within the state."  Feathers v. McLucas, 15 N.Y.2d 443, 460, 464 (1965) (emphasis in original); see also Platt Corp. v. Platt, 17 N.Y.2d 234, 237 (1966) (holding that "the failure of a man to do anything at all when he is physically in one State is not an 'act' done or 'committed' in another State.  His decision not to act and his not acting are both personal events occurring in the physical situs.  That they may have consequences elsewhere does not alter their personal localization as acts.").

It is a long-standing maxim that "federal courts must defer to state-court interpretations of state law."  Vega v. Walsh, 258 Fed. Appx. 356, 359 (2d Cir. 2007); see also Yoon v. Fordham Univ. Faculty & Admin. Ret. Plan, 263 F.3d 196, 203 (2d Cir. 2001) (holding that "it is well established that the controlling interpretation of  state law should be given by state rather than federal courts).  Following this maxim, the Second Circuit has followed the New York state courts and also held that physical presence is necessary to for CPLR 302(a)(2) to apply.  See Bensusan Restaurant Corp. v. King, 126 F.3d 25, 28 (2d Cir. 1997) (holding that, absent "some indication by the New York Court of Appeals that its decisions in Feathers and Platt [that physical presence is required] ... no longer represent the law of New York, we believe it would be impolitic for this Court to hold otherwise.").

Even were this Court inclined to accept that physical presence is not required, there still would be no jurisdiction under CPLR 302(a)(2). Courts in this District have consistently held that "in the case of a website displaying infringing material the tort is deemed to be committed where the website is created or maintained." Freeplay Music, Inc. v. Cox Radio, Inc., 2005 WL 1500896, *7 (S.D.N.Y. Jun. 23, 2005), citing Citigroup v. City Holding Co., 97 F. Supp. 2d 549, 567 (S.D.N.Y. 2000) (internal quotes omitted); see also Penguin Group (USA) Inc. v. American Buddha, 2009 U.S. Dist. Lexis 34032, *8 (S.D.N.Y. Apr. 21, 2009). This holding is logical because "[a]lthough it is the very nature of the internet that the allegedly infringing [material] contained in the web sites can be viewed, anywhere, this does not mean that the infringement occurred everywhere." Citigroup, 97 F. Supp. 2d at 567.

Based on this alone, the EMI Plaintiffs' claim of jurisdiction under CPLR 302(a)(2) must fail. EMI has not alleged that the SeeqPod website was created or maintained in New York. That is because the SeeqPod website was created and maintained in California. Furthermore, unlike in Pilates, where the plaintiffs alleged in detail the defendant's efforts to solicit New York residents and attempts to sell goods and services in New York, see Pilates, 891 F. Supp. at 180, here, the EMI Plaintiffs have made no allegation that the Individual Defendants have offered any allegedly infringing works for sale or that Individual Defendants solicited residents of New York. In fact, the EMI Plaintiffs have conceded that New York residents can access the SeeqPod website only to the same extent that anyone, anywhere in the world, can access any website on the Internet. (See EMI Br. at 4.) Based upon the EMI Plaintiffs' allegations, even assuming that physical presence is not necessary for personal jurisdiction under CPLR 302(a)(2), EMI has not satisfied its burden of pleading a prima facie case that jurisdiction exists.

### C. The EMI Plaintiffs Have Not Pleaded Sufficient Facts To Show That Individual Defendants Were the "Primary Actors"

The EMI Plaintiffs argue that because the Individual Defendants are "co-founders, creators, owners and operators of the SeeqPod site," they are automatically subject to personal jurisdiction in this Court. (See EMI Br. at 6, 16-19.) To support their argument, EMI cites to a litany of cases in which courts exercised jurisdiction over corporate employees, but pays no heed to the particular facts upon which the decisions were based. EMI further ignores the principle that: "[a]lthough the fiduciary shield has been rejected in New York, it is well established that individual officers and employees are not automatically subject to personal jurisdiction in New York simply because a court can exercise jurisdiction over the corporation." Pilates, 891 F. Supp. at 181. "At the heart of this inquiry is whether the out-of-state corporate officers were 'primary actors in the transaction in New York' that gave rise to the litigation." In this regard, "[a] general allegation that an officer controls a corporation is not sufficient to establish personal jurisdiction." See Pilates, Inc. v. Current Concepts, 1996 WL 599654, at *3 (S.D.N.Y. Oct. 18, 1996); see also Kinetic Instruments v. Lares, 802 F. Supp. 976, 984-85 (S.DN.Y. 1992) ("[t]he fact that [the defendant] is the President and majority shareholder of [the corporation] does not necessarily mean that the corporation will be considered his agent.").

The EMI Plaintiffs' "broadly worded and vague allegations" about the Individual Defendants' participation in the alleged infringement is facially insufficient to survive a motion to dismiss. See Karabu Corp. v. Gitner, 16 F. Supp. 2d 319, 324 (S.D.N.Y. 1998). In Karabu, the plaintiffs alleged that the defendants, who were senior level corporate employees, "directed TWA personnel to seek out and wrongfully punish travel agencies doing business with Global." Id. at 324-325. The court dismissed the action against those defendants because "the Complaint

7

is completely devoid of any factual specificity indicating how each of the six defendants participated in the allegedly tortious conduct or what role each played." Id.

Here as well, the sheer vagueness of the EMI Plaintiffs' allegations is highlighted by the fact that all three Individual Defendants are treated as a single unit as though each of them performed the exact same functions and had the exact same level of involvement in the company. (See, e.g., EMI Br. at 17 ("As the founders, operators and creators of the SeeqPod site and service, Defendants had knowledge and control of, consented to, and financially benefitted from SeeqPod's infringing activities.").)  EMI never provides any specifics about what each Individual Defendant did that made him a "primary actor."

The declarations provided by the Individual Defendants in support of their motion to dismiss provide ample proof that SeeqPod is not a mere agent of the Individual Defendants. Instead of offering any evidence to contradict the Individual Defendants' sworn declarations, the EMI Plaintiffs improperly allude to unknown, unidentified document that they claim "give lie to many of the assertions in the [Individual Defendants'] declarations... ."  (See EMI Br. at 2.) They further claim that because these documents are designated as Highly Confidential, EMI is restricted from using these documents.

This claim is specious and disingenuous.  If the EMI Plaintiffs were in possession of documents that would support their claim of jurisdiction, they could have requested that those documents be filed in this case under seal, or sought permission from the Bankruptcy Court to use those documents here.  They did not undertake either of those steps.  Instead, they have only made unsubstantiated attacks on the Individual Defendants' sworn statements.  The Individual Defendants take exception to the scurrilous and false implications that they made untruthful statements in their declaration.  Furthermore, the EMI Plaintiffs seem to forget that it is them,

and not the defendants, who have the burden of pleading a prima facie case. Lastly, such allegations are contrary to the ethical duty not to allude to any matter which is not supported by admissible evidence. See New York Rule of Professional Responsibility 3.4.

In sum, because the EMI Plaintiffs have not pleaded any facts which support a prima facie case that any of the Individual Defendants were primary actors, the Complaint against them should be dismissed.

## II. The EMI Plaintiffs Are Not Entitled to Any Discovery

Having failed to plead a legally sufficient case, the EMI Plaintiffs now ask this Court to grant them "limited discovery" on the jurisdictional issue. EMI's request is a fishing expedition and the requested discovery should be denied. The EMI Plaintiffs have not even attempted contradict any of the Individual Defendants' declarations in any way. And while they have generically citing to cases in which courts have allowed discovery, the EMI Plaintiffs have not come forth with any legally cognizable issues on which jurisdictional discovery would be material in this case.

Indeed, the Courts in this Circuit routinely dismiss cases for failure to plead a prima facie case of jurisdiction without granting discovery on that issue. See, e.g., Jazini, 148 F.3d at 186 (affirming District Court's dismissal of case for lack of jurisdiction without granting discovery); Lehigh Valley Indus. v. Birenbaum, 527 F.2d 87, 93-94 (2d Cir. 1975) (finding no abuse of discretion where District Court denied discovery where the allegations failed to meet the relevant standard for jurisdiction). In Karabu, 16 F. Supp. at 325, Judge Sotomayor cautioned against allowing pre-Rule 12(b)(2) discovery because:

> **then a plaintiff could randomly sue any out-of-state corporate employee in New York and subject that individual to deposition and discovery in the hope that, even if the name defendant turned out not to be involved in the relevant conduct, he or she could pint to other corporate employees who were.**

(Emphasis added.)  As the Supreme Court made clear in Twombly, 550 U.S. at 558, the use of discovery to save an otherwise insufficient complaint is expressly frowned upon, particularly where there is "no reasonable likelihood that the plaintiffs can construct a claim from the events related in the complaint."

Based upon these considerations, the EMI Plaintiffs should not be granted jurisdictional discovery, as it would serve no purpose.  Rather, the Complaint should be dismissed as against the Individual Defendants based on lack of personal jurisdiction.

## CONCLUSION

Based on the foregoing, and the arguments set forth in their opening brief, the Individual Defendants respectfully request that the Court grant their motion to dismiss.

Dated:  New York, New York
May 27, 2009

Respectfully submitted,

_____/s/_____
DUANE MORRIS LLP
Gregory P. Gulia
GPgulia@duanemorris.com
John Dellaportas
Dellajo@duanemorris.com
Suzan Jo
sjo@duanemorris.com
1540 Broadway
New York, New York  10036
Tel.: (212) 692-1000
*Attorneys for Defendants*
*Favtape.com, Kasian Franks,*
*Raf Podowski, Shekhar Lodha*
*and Ryan Sit*